FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 27 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRIME ENGINEERING INCORPORATED, a Georgia corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRIME ENGINEERING P.C., a New York professional corporation,<br><br>Defendant. | CV18 7377<br><br>Civil Action No.:<br><br>FEUERSTEIN, J.<br><br>LINDSAY, M.J. |

## COMPLAINT

Plaintiff, Prime Engineering Incorporated, by and through its attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### PARTIES

1. Plaintiff, Prime Engineering Incorporated (hereinafter referred to as "Prime Engineering-Atlanta"), is a Georgia corporation with its principal place of business at 3715 Northside Parkway N.W., 300 Northcreek, Suite 200, Atlanta, Fulton County, Georgia 30327.

1

2. Defendant, Prime Engineering P.C. (hereinafter referred to as "Prime Engineering-Holtsville"), is a New York professional corporation with its principal place of business at 664 Blue Point Road, Unit B, Holtsville, Suffolk County, New York 11742.

## JURISDICTION AND VENUE

3. This is a civil action arising under the Lanham Act, 15 U.S.C. § 1051 et seq. for intentional infringement and use of Plaintiff Prime Engineering-Atlanta's federally registered and incontestable trademark PRIME ENGINEERING INCORPORATED in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement and unfair competition under New York common law; and, deceptive trade practices under N.Y. Gen. Bus. Law §§ 349.

4. This Court has subject-matter jurisdiction over the Lanham Act claims set forth herein under 28 U.S.C. §§ 1331 and 1338(a)-(b) and 15 U.S.C. § 1121(a), and over the related state statutory and common-law claims set forth below under the Court's supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a). Venue is proper in this district pursuant to 28 U.S.C. § 1391. Acts giving rise to the causes of action alleged herein have occurred and are occurring in this district.

## BACKGROUND

### A. <u>Plaintiff's PRIME ENGINEERING Mark</u>.

5. Plaintiff Prime Engineering-Atlanta is a full-service engineering consulting firm headquartered in Atlanta, Georgia, providing project planning, engineering, environmental assessment and compliance, regulatory approval, procurement, architecture, and construction management services under its PRIME ENGINEERING and PRIME ENGINEERING INCORPORATED service marks.

6. Prime Engineering Incorporated's services have been rendered to a broad spectrum of municipal and governmental, commercial, industrial, food and beverage, retail, office, hospitality, aviation, petrochemical, and transportation clients.

7. Prime Engineering-Atlanta first began offering services under PRIME ENGINEERING INCORPORATED as a service mark, trade name, and corporate name in 1990. Since 1990 and continuously to the present, Prime Engineering-Atlanta has extensively used, advertised, and promoted its PRIME ENGINEERING INCORPORATED service mark, trade name, and corporate name throughout a majority of the United States by prominently displaying PRIME ENGINEERING INCORPORATED as a service mark, trade name, and corporate name in connection with all aspects of its business operations.

3

8. Since 1990, Prime Engineering Incorporated has rendered its aforementioned services in connection with over thirty-eight hundred (3,800) projects in forty-one (41) states and has offices in Atlanta, Cincinnati, Dallas, Houston, Huntington WV, Orlando, Pittsburgh, and Tampa. In particular, Prime Engineering Incorporated has rendered its aforementioned services in connection with dozens of projects for clients on Long Island since at least as early as 1996.

9. Prime Engineering-Atlanta has used its PRIME ENGINEERING and PRIME ENGINEERING INCORPORATED marks consistently on its promotional and marketing materials, including but not limited to, Statements of Qualifications ("SOQs"), advertisements, brochures, presentations, Responses to Requests for Proposal, its website at www.prime-eng.com, signs erected at project sites, and so on.

10. Prime Engineering-Atlanta's PRIME ENGINEERING INCORPORATED mark appears on virtually every page of every planning, engineering, architectural, and construction document or set of drawings it prepares in the course of providing its services to its clients. Further, Prime Engineering Incorporated's PRIME ENGINEERING INCORPORATED service mark, trade name, and corporate name appears on virtually every document and set of drawings submitted to federal, state and local licensing, permitting, zoning, and other regulatory agencies.

11. Prime Engineering-Atlanta is the owner of a federal trademark registration in the U.S. Patent and Trademark Office for the word mark PRIME ENGINEERING INCORPORATED (Reg. No. 2,611,442) for use with:

> "construction planning; construction supervision; construction management; real estate site selection; land development services, namely, planning and laying out of commercial communities; permitting, namely, obtaining environmental, design, zoning and building permits for construction projects; turnkey construction of municipal, commercial, industrial, retail, office, hotel, and aviation facilities and structures in International Class 37; engineering services, namely, design and modification of municipal, commercial, industrial, retail, office, hotel, and aviation facilities and structures; environmental, geotechnical, and hydrological studies and assessments, and providing architectural design services based on those studies and assessments; technical supervision and inspection in the field of facilities and building design in International Class 42."

A true and accurate copy of the registration showing its current title and status is attached hereto as Exhibit 1. The registration was issued on August 27, 2002 and states a date of first use of January 30, 1990.

12. Prime Engineering Incorporated's Registration No. 2,611,442 is valid and subsisting; became *incontestable* in 2007; constitutes conclusive evidence of the validity of the PRIME ENGINERING INCORPORATED mark and of Prime Engineering-Atlanta's *exclusive* right to use the Mark in interstate commerce in connection with the services specified in the registration; and, serves as

constructive notice of Prime Engineering-Atlanta's ownership of the mark under 15 U.S.C. §§ 1057, 1072, and 1115.

13. Since Prime Engineering-Atlanta's federal trademark registration for the PRIME ENGINEERING INCORPORATED mark issued in 2002, virtually every use of Prime Engineering-Atlanta's PRIME ENGINEERING INCORPORATED mark in the materials listed at paragraphs 9 and 10 herein has been followed by the ® symbol.

14. Prime Engineering-Atlanta is the owner of all common-law rights and interests in the PRIME ENGINEERING and PRIME ENGINEERING INCORPORATED marks, and the marks have been continuously used in commerce from January, 1990 to the present.

15. By virtue of Prime Engineering-Atlanta's extensive rendering, advertising, and promotion of its services, the services associated with the PRIME ENGINEERING and PRIME ENGINEERING INCORPORATED marks are well and favorably known in the United States.

### B. Defendant Prime Engineering-Holtsville's Infringing Activities.

16. Upon information and belief, beginning in 2009 or 2010, long after Prime Engineering-Atlanta's first use and registration of its PRIME ENGINEERING INCORPORATED mark, Defendant Prime Engineering-Holtsville advertised, promoted, did business, held itself out to the public, and

provided civil engineering and consulting services under the service mark, trade name, and corporate name PRIME ENGINEERING P.C.

17. Upon information and belief, Prime Engineering-Holtsville provides services under its PRIME ENGINEERING P.C. mark that are very similar or identical to Prime Engineering-Atlanta's services, including but not limited to, project planning, engineering, environmental assessment and compliance, regulatory approval, and construction management services. Attached hereto as Exhibit 2 is a true and correct copy of a brochure distributed by Prime Engineering-Holtsville describing the engineering services offered under its PRIME ENGINEERING P.C. mark.

18. Upon information and belief, Prime Engineering-Holtsville offers its engineering services under its PRIME ENGINEERING P.C. mark in the same geographic areas that Prime Engineering-Atlanta offers its engineering services, including but not limited to, Long Island, New York City, Connecticut, and New Jersey.

19. Upon information and belief, Prime Engineering-Holtsville's PRIME ENGINEERING P.C. or PRIME ENGINEERING service mark, trade name, and corporate name appears on almost every page of every planning, engineering, architectural, and construction document or set of drawings it prepares in the

course of providing its services to its clients, as well as on almost every page of its marketing and promotional materials.

20. Upon information and belief, Prime Engineering-Holtsville's PRIME ENGINEERING P.C. service mark, trade name, and corporate name appears on almost every document and set of drawings it submits to federal, state and local licensing, permitting, zoning, and other regulatory agencies. Consequently, Prime Engineering-Holtville's PRIME ENGINEERING P.C. service mark, trade name, and corporate name are likely to come to the attention of the same federal, state and local licensing, permitting, zoning, and other regulatory agencies as documents and drawings bearing Prime Engineering-Atlanta's PRIME ENGINEERING INCORPORATED mark.

21. Prime Engineering-Holtsville has adopted and used, and is continuing to use, its infringing mark with constructive and actual knowledge of Prime Engineering-Atlanta's prior rights, with the intent to cause confusion, and in bad faith.

22. On August 27, 2018, Prime Engineering-Atlanta, through its counsel, sent Prime Engineering-Holtsville a cease-and-desist letter advising it that its use of the PRIME ENGINEERING P.C. service mark, trade name, and corporate name violated Prime Engineering-Atlanta's rights and requested that Prime Engineering-Holtsville cease all use of its PRIME ENGINEERING P.C. mark.

23. On October 24, 2018, after some correspondence and telephone conversations between the parties' counsel, Prime Engineering-Holtsville's attorney, Jason Fenley, sent Prime Engineering-Atlanta's attorney an email stating:

> "My client has agreed to change its name to remove all references to "Prime" in its title, logo, and marketing materials. We are working on the details of the new title and what that will entail. I will be in touch soon with the anticipated transition period and additional details of compliance with your demands.
>
> "Thank you for your patience."

24. On or about December 12, 2018, Prime Engineering-Holtsville's attorney indicated in a telephone conversation with Prime Engineering-Atlanta's counsel that Prime Engineering-Holtsville would not remove "Prime" from its service mark or trade name.

25. Prime Engineering-Holtsville's use of its PRIME ENGINEERING P.C. mark is a reproduction, counterfeit, copy, or colorable imitation of Prime Engineering-Atlanta's registered PRIME ENGINEERING INCORPORATED mark and is likely to cause confusion, or to cause mistake, or to deceive. Further, Prime Engineering-Holtsville's use of its PRIME ENGINEERING P.C. mark is a false designation of origin likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Prime Engineering-Holtsville with Prime Engineering-Atlanta, or as to the origin, sponsorship, or approval of their services or commercial activities with Prime Engineering-Atlanta.

9

Further, Prime Engineering-Holtsville's use of its PRIME ENGINEERING P.C. service mark, trade name, and corporate name to the public will dilute and damage Prime Engineering-Atlanta's goodwill and reputation in its PRIME ENGINEERING INCORPORATED mark.

26. The aforesaid acts of Prime Engineering-Holtsville have caused and will continue to cause irreparable injury to Prime Engineering-Atlanta's reputation and goodwill and to its PRIME ENGINEERING INCORPORATED mark, for which it has no adequate remedy at law, and unless such acts are enjoined by this Court they will be continued and Prime Engineering-Atlanta will suffer irreparable injury.

### FIRST CLAIM FOR RELIEF
### (Infringement of a Federally Registered Trademark In Violation of 15 U.S.C. § 1114)

27. Prime Engineering-Atlanta re-alleges and incorporates by reference the averments contained in all previous paragraphs as if fully set forth herein.

28. Without Prime Engineering-Atlanta's consent, Prime Engineering-Holtsville continues to use in commerce reproductions, copies, and colorable imitations of Prime Engineering-Atlanta's federally registered and incontestable PRIME ENGINEERING INCORPORATED mark in connection with its services, which is likely to cause confusion, mistake, or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

29. On information and belief, the actions of Prime Engineering-Holtsville have been carried out in knowing and willful disregard of Prime Engineering-Atlanta's rights in violation of 15 U.S.C. § 1114.

30. By reason of the foregoing, this is an exceptional case and Prime Engineering-Atlanta has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116 et seq.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition in Violation of 15 U.S.C. § 1125(a))

31. Prime Engineering-Atlanta re-alleges and incorporates by reference the averments contained in all previous paragraphs as if fully set forth verbatim herein.

32. Prime Engineering-Holtsville's actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Prime Engineering-Holtsville, its services, and/or its commercial activities by or with Prime Engineering-Atlanta, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Prime Engineering-Holtsville's infringing acts are conducted with full knowledge of Prime Engineering-Atlanta's rights and thus constitute a willful infringement of Prime Engineering-Atlanta's rights under 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition in Violation of New York State Common Law)

33. Prime Engineering-Atlanta re-alleges and incorporates by reference the averments contained in all previous paragraphs as if fully set forth verbatim herein.

34. Prime Engineering-Holtsville's actions described above create the impression in the minds of consumers that Prime Engineering-Atlanta is responsible for the quality and performance of Prime Engineering-Holtsville's services or is otherwise affiliated, connected, or associated with Prime Engineering-Holtsville, its services, and/or its commercial activities. Thus, Prime Engineering-Holtsville's acts constitute common-law trademark and trade name infringement of Prime Engineering-Atlanta's proprietary rights in its PRIME ENGINEERING INCORPORATED mark, misappropriation of Prime Engineering-Atlanta's rights in that mark, and unfair competition under the common law of the state of New York.

## FOURTH CLAIM FOR RELIEF
### (Violation of the New York Deceptive Trade Practices Statute Under N.Y. Gen. Bus. Law § 349)

35. Prime Engineering-Atlanta re-alleges and incorporates by reference the averments contained in all previous paragraphs as if fully set forth verbatim herein.

36.   Prime Engineering-Holtsville's actions as described above constitute deceptive acts or practices in the conduct of a business, trade, and commerce, and in the furnishing of a service in New York in violation of N.Y. Gen. Bus. Law § 349.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Prime Engineering-Atlanta prays:

a.   that judgment be awarded in Plaintiff's favor and against Defendant on all claims of the Complaint;

b.   that Defendant, its agents, officers, directors, partners, distributors, servants, employees, and assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing Plaintiff's PRIME ENGINEERING or PRIME ENGINEERING INCORPORATED Mark, or from using any other mark or other indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's PRIME ENGINEERING or PRIME ENGINEERING INCORPORATED Mark or to unfairly compete with Plaintiff's services or to pass off, palm off, or to assist in passing off or palming off, Defendant's services as those of Plaintiff's, or otherwise continuing any and all acts of unfair competition;

  c. that Defendant be ordered to recall and cancel all advertisements or other materials bearing a mark confusingly similar to Plaintiff's PRIME ENGINEERING or PRIME ENGINEERING INCORPORATED Mark;

  d. that Defendant be ordered to deliver up for impoundment and for destruction all packaging, labels, bags, boxes, tags, signs, receptacles, advertising, promotional materials, stationery or other materials in the possession, custody or control of Defendant that are found to adopt or to infringe, Plaintiff's PRIME ENGINEERING or PRIME ENGINEERING INCORPORATED Mark, trade name, or corporate name, or that otherwise unfairly compete with Plaintiff and its services;

  e. that Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction;

  f. that Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages realized as a result of the Defendant's infringing acts;

  g. that Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's acts of trademark infringement and unfair competition, including increased or punitive damages pursuant to 15 U.S.C. § 1117 and common-law unfair competition law.

  h. that Defendant be required to pay Plaintiff's costs, expenses and reasonable attorney's fees in connection with this action as provided in 15 U.S.C. § 1117;

  i. that Plaintiff be awarded all costs of this action and be awarded all expenses incurred in this litigation, including reasonable attorney's fees; and,

  j. for such other relief as the Court deems just and equitable.

This 26th day of December, 2018.

        Respectfully submitted,

        PAUL OWENS & ASSOCIATES

        /s/ Paul S. Owens
        Paul S. Owens, Esq. (*pro hac vice pending*)
        P.O. Box 15310
        Atlanta, Georgia 30333
        Telephone: (404) 370-9800
        E-mail: psowens@bellsouth.net
        *ATTORNEY TO BE NOTICED*

        *Attorney for Plaintiff*
        PRIME ENGINEERING
        INCORPORATED